UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY SNEED,

    Plaintiff,

v.                                      Case No. 4:22-cv-126-WS-MJF

DR. A. ACOSTA-MARTINEZ and RICKY
D. DIXON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil action pursuant to 42 U.S.C. § 1983. In his second amended complaint, Plaintiff alleges that Dr. Acosta-Martinez violated Plaintiff's Eighth-Amendment rights by failing to provide adequate treatment for Plaintiff's chronic foot pain. Plaintiff also alleges that Ricky D. Dixon, the secretary of the Florida Department of Corrections ("FDC"), violated Plaintiff's Eighth-Amendment rights by failing to release Plaintiff from the FDC's custody and refusing to provide Plaintiff the third and fourth "booster" vaccines for COVID-19. Additionally, he alleges that Ricky Dixon violated the Fourteenth Amendment because the FDC refuses to correct Plaintiff's inmate number.

Because Plaintiff has failed to state an official-capacity claim against Dr. Acosta-Martinez, the undersigned respectfully recommends that the District Court dismiss this claim with prejudice. Additionally, because Plaintiff's claims against Ricky Dixon are misjoined, the undersigned respectfully recommends that the District Court dismiss these claims without prejudice.

## I. Background

On March 22, 2022, Plaintiff commenced this action against three defendants who are employed by Centurion of Florida, LLC: Dr. Acosta-Martinez, Nurse Nafina Langley, and Michelle Schouest. Doc. 1 at 1. Plaintiff asserts that these Defendants were deliberately indifferent to his chronic foot pain.

On July 20, 2022, Plaintiff filed his second amended complaint, which is the operative pleading. Doc. 11. Plaintiff asserts four claims:

- Count 1:
    - an Eighth-Amendment claim of deliberate indifference to a serious medical need against Centurion employee Dr. Acosta-Martinez, in his *official capacity*, for failing to provide medical treatment for Plaintiff's chronic foot pain;
    - an Eighth-Amendment claim of deliberate indifference to a serious medical claim against Dr. Acosta-Martinez, in his

*individual capacity*, for failing to provide medical treatment for Plaintiff's chronic foot pain[1];

- Count 2: an Eighth-Amendment claim of deliberate indifference to a serious medical need against Ricky Dixon based on the FDC's policy of not providing Plaintiff the third and fourth "booster" vaccines for COVID-19; and

- Count 3: an equal-protection claim against Ricky Dixon because the FDC has failed to "correct" Plaintiff's FDC inmate number.

Plaintiff seeks monetary and injunctive relief. Unless otherwise noted, the facts recounted below are derived from Plaintiff's second amended complaint.

## A.  Count 1: Dr. Acosta-Martinez's Indifference to Plaintiff's Foot Pain

In September 2021, Plaintiff began experiencing pain in his right foot. Doc. 11 at 5. The pain sometimes caused his right foot and leg "to swell" and the pain radiated "up to his groin-area," thereby causing Plaintiff discomfort when he was walking. *Id.* at 6, 9. Between September 2021 and July 2022, Plaintiff filed approximately twelve "sick call" requests.

---

[1] In "Count 1" of his second amended complaint, Plaintiff includes both an individual-capacity claim and an official-capacity claim against Dr. Acosta-Martinez.

In November 2021, Nurse Branch examined Plaintiff after he submitted a sick call request.[2] *Id.* at 5. Nurse Branch informed Plaintiff that she would refer Plaintiff's medical chart and complaint of right-foot pain to Dr. Acosta-Martinez. *Id.*

On January 3, 2022, Nurse Linder examined Plaintiff after he submitted a sick call request in December 2021. *Id.* at 6. Nurse Linder indicated she would refer Plaintiff's medical chart to Dr. Acosta-Martinez. On January 3, 2022, Dr. Acosta-Martinez examined Plaintiff. Doc. 11 at 7. Dr. Acosta-Martinez informed Plaintiff that he would reschedule Plaintiff for an examination to address the foot pain. *Id.*

On February 9, 2022, Dr. Acosta-Martinez examined Plaintiff. Plaintiff advised Dr. Acosta-Martinez that he had severe and chronic foot pain in his right foot and heel. Dr. Acosta-Martinez examined Plaintiff's foot and indicated that he would order x-ray images of Plaintiff's right foot. Plaintiff alleges that Dr. Acosta-Martinez indicated it would take approximately two weeks to obtain x-ray images. In the meantime, Dr. Acosta-Martinez provided Plaintiff ibuprofen for the foot pain and renewed Plaintiff's "low bunk pass" for two weeks. Doc. 5-1 at 14. Until the x-ray images were obtained, Dr. Acosta-Martinez refused to provide Plaintiff with a pass that would exempt Plaintiff from pushing, pulling, or lifting objects greater than 15 pounds. Dr. Acosta-Martinez also refused to provide Plaintiff with a pass that would exempt Plaintiff from prolonged standing.

---

[2] Plaintiff does not provide the specific dates on which these events occurred.

Plaintiff does not specify the exact date between late February and late March 2022 that medical providers took x-ray images of Plaintiff's foot. *Compare* Doc. 1 at 8 (noting the x-ray imaging occurred approximately thirty days before Plaintiff initiated this action, which occurred on March 22, 2022), *with* Doc. 11 at 9 (asserting that he received an x-ray on his foot approximately 120 days prior to filing his second amended complaint, which was filed on July 20, 2022). Plaintiff alleges that he has not seen Dr. Acosta-Martinez since February 9, 2022. Plaintiff asserts that the lack of attention from Dr. Acosta-Martinez has exacerbated his chronic foot pain and he now suffers pain in both of his feet. Doc. 11 at 9.

**B.** **Count 3: The FDC's Act of Continuing to Incarcerate Plaintiff After His Release Date Constitutes Deliberate Indifference to Plaintiff's Susceptibility to COVID-19**

Plaintiff asserts that the FDC has detained Plaintiff beyond the term of incarceration imposed by the court that sentenced Plaintiff, which, according to Plaintiff, constitutes deliberate indifference to a serious medical need insofar as Plaintiff is susceptible to COVID-19. *Id.* at 4 (noting that the FDC has "over detained [him] on expired sentence"). Plaintiff asserts that the FDC has failed to provide inmates, including Plaintiff—who is sixty-five years old and has several medical conditions—the third and fourth "booster" vaccines for COVID-19. Plaintiff asserts that the FDC's failure to make these "booster" vaccines available to inmates amounts to deliberate indifference to a serious medical need.

C. **Count 3: The FDC's Failure to Correct Plaintiff's Inmate Number**

Plaintiff also asserts an equal-protection claim against Ricky Dixon. Specifically, Plaintiff contends that the prefix of Plaintiff's inmate number is stigmatizing insofar as it reflects that Plaintiff is a second-time offender not a first-time offender. Plaintiff asserts that this misclassification has affected his ability to be placed in work release programs for first-time offenders.

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* Rather, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Mere conclusory and vague allegations are insufficient to state a claim, however. *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Similarly, a formulaic recitation of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555.

### III. Discussion

**A.** **<u>Plaintiff Failed to State a Claim Against Centurion for Deliberate Indifference to His Chronic Foot Pain</u>**

Plaintiff asserts a claim against Dr. Acosta-Martinez—an employee of Centurion of Florida, LLC—in his official capacity for the failure to provide treatment for Plaintiff's chronic foot pain.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436

U.S. 658, 690 n.55 (1978)). Thus, in a section 1983 action "a claim against a defendant in his official capacity is the same as a claim against his employer." *Christman v. Saint Lucie Cnty. Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997)).

To state a claim against a governmental entity, a plaintiff must allege that the entity "is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citations omitted). In order to state a claim, a plaintiff must allege that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Monell*, 436 U.S. at 694; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Although Centurion is not a government entity, "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997); *accord Ireland v. Prummell*, __ F.4th __, 2022 WL 1691230, at *5 (11th Cir. Nov. 14, 2022) (noting that the standard for a government entity also applies to a private entity that has contracted to provide medical services to inmates).

Plaintiff's second amended complaint is devoid of any allegation that Centurion had a policy or custom that caused Dr. Acosta-Martinez to deny or delay treatment for Plaintiff's chronic foot pain.[3] At best, Plaintiff alleges that Centurion is the employer of Dr. Acosta-Martinez and that Dr. Acosta-Martinez failed to provide adequate treatment because of a "policy." Doc. 11 at 11. This is a conclusory allegation and clearly is insufficient to state a claim against Centurion. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("It is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior.").

Because Plaintiff has failed to state a claim upon which relief can be granted, the District Court should dismiss with prejudice Plaintiff's official-capacity claim against Dr. Acosta-Martinez for deliberate indifference to a serious medical need.

---

[3] The undersigned previously advised Plaintiff that his claim was insufficient and that to state a claim against Dr. Acosta-Martinez in his official capacity, Plaintiff was required to provide sufficient factual allegations regarding a policy or custom that resulted in the denial of treatment of Plaintiff's chronic foot pain. Doc. 10 at 7-9. The undersigned specifically explained to Plaintiff that if he could not "truthfully allege that a Centurion custom or policy caused a constitutional deprivation, Plaintiff should not bring a claim against Centurion in any amended complaint **and should not assert an official-capacity claim against Centurion employees.**" *Id.* at 9.

**B.     In Counts 2 and 3, Plaintiff Has Improperly Joined Claims Against Dixon**

Plaintiff has attempted to improperly join in this lawsuit his two claims against Ricky Dixon.[4]

**1.     *Plaintiff's Improperly Joined Claims***

Permissive joinder allows multiple defendants to be joined in one action if the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To determine whether claims arise from the same transaction or occurrence, courts in the Eleventh Circuit apply the "logical relationship" test. *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

"Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health Corp.*, 755 F.2d at 1455). In other words, when the "same operative facts serve as the basis of both claims," the

---

[4] Under Rule 18 of the Federal Rules of Civil Procedure, a plaintiff may join as many claims as it has against a single defendant. Fed. R. Civ. P. 18. If, however, adding a claim requires adding a new defendant, the plaintiff must satisfy the requirements of Rule 20. *Readon v. Kilgo*, No. 2:10-CV-236-FTM-29, 2012 WL 3590039, at *1 (M.D. Fla. Aug. 20, 2012).

claims arise from the same transaction or occurrence. *Republic Health Corp.*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). Claims that "do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 n.1 (11th Cir. 1991).

In his second amended complaint, Plaintiff asserts four claims against three defendants:

- Count 1: an Eighth-Amendment claim of deliberate indifference to a serious medical need against Dr. Acosta-Martinez, in both his official and individual capacity, for failing to provide medical treatment for Plaintiff's chronic foot pain[5];

- Count 2: an Eighth-Amendment claim of deliberate indifference to a serious medical need against Ricky Dixon for the FDC's policy of not providing Plaintiff the third and fourth COVID-19 vaccine "boosters"; and

- Count 3: an equal-protection claim against Ricky Dixon because the FDC has failed to correct Plaintiff's FDC inmate number.

---

[5] This technically is a claim against both Dr. Acosta-Martinez and Centurion of Florida, LLC.

Count 1 is dissimilar to Counts 2 and 3 insofar as Count 1 is asserted against Dr. Acosta-Martinez, while Counts 2 and 3 are asserted against Ricky Dixon. Counts 1, 2, and 3 also are not based on the same facts. Each of these three counts also is based on separate and distinct legal theories. Specifically, Count 1 is predicated on Dr. Acosta-Martinez's purported failure to provide adequate medical care for Plaintiff's chronic foot pain. This is a single, isolated episode. Count 2, on the other hand, is predicated on Ricky Dixon's failure to properly calculate Plaintiff's release date and Dixon's policy of not providing COVID-19 vaccine "boosters" to Plaintiff.

Plaintiff's Count 3—an equal-protection claim based on the failure to correct Plaintiff's inmate number—also is not logically connected to Dr. Acosta-Martinez's purported failure to provide adequate medical care for Plaintiff's chronic foot pain. Therefore, Plaintiff has violated Rule 20 by combining unrelated claims against unrelated defendants in a single civil action.

**2.    *Severance and Dismissal of Plaintiff's Misjoined Claims***

Rule 21 of the Federal Rules of Civil Procedure allows a court to dismiss or sever improperly joined defendants. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018). Federal courts enjoy broad discretion to sever claims and parties if the court determines that joinder would cause prejudice to a party or would delay resolution of the case. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218

n.5 (4th Cir. 2007); *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002); *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983).

In assessing whether severance or dismissal under Rule 21 is prudent, courts routinely consider the purpose of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The PLRA was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Section 1915(g) of Title 28 of the United States Code prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Thus, "[p]ermitting a prisoner to pack his complaint with entirely unrelated and misjoined claims would clearly violate the intent of the PLRA, as it would allow the prisoner to file, in effect, separate complaints in one action and be responsible for only one filing fee, and it would allow the prisoner to raise multiple frivolous claims in a single lawsuit but receive only one 'strike' under § 1915(g)." *Phillips v. Aponte*, No. 1:20-CV-4843-WMR, 2021 WL 1031601, at *4 (N.D. Ga. Feb. 17, 2021). Furthermore, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees" under the PLRA. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's claims arise from three different sets of operative facts. Allowing Counts 1, 2, and 3 to proceed in one action would allow Plaintiff to circumvent the purposes of the PLRA. Similarly, permitting Plaintiff to prosecute these myriad claims in a single civil action would cause prejudice to the parties, would complicate any trial, and would delay resolution of this case. The District Court, therefore, should sever Plaintiff's claims against Defendant Dixon and dismiss them without prejudice. This will afford Plaintiff the opportunity to pursue these misjoined claims in a separate civil action after Plaintiff pays the required filing fee or is granted leave to proceed *in forma pauperis*.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS with prejudice**, pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(b)(ii), Plaintiff's Eighth-Amendment official-capacity claim against Dr. A. Acosta-Martinez;

2. **DISMISS without prejudice**, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's Eighth-Amendment and Fourteenth-Amendment claims against Ricky Dixon in his official capacity (Count 2 and Count 3); and

3. Refer this case to the undersigned to conduct further proceedings on Plaintiff's remaining Eighth-Amendment individual-capacity claim against Dr. A. Acosta-Martinez.

At Pensacola, Florida, this 18th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**